Per curiam

Williams absent. As to the rate of fees published by authority, and collected from different acts of the Legislature, that was for the benefit of the people at large, that any on" might know at once by inspecting thi i ates, when an officer demands more than was his legal fee. It was not intended to change the law — every officer is bound to know' what the law is upon the subject of fees to be taken by himself. He cannot excuse himself *469 from taking more than the legal fee, by saying he was misled by the rates published, or by the advice of an attorney, nor by any other excuse he can make, if such or the like excuses were admitted, it would hardly ever be possible to convict an officer of extortion,- — he. might always contrive to ground his conduct upon misapprehension or improper aduce.
The jury found him guilty. Afterwards, his counsel moved in arre-t of judgment, and assigned severa! rea» sons, the principal of which were, that the day on which the offence is said to have, been committed, is stated in. figures. Secondly, that the receipt of.lhe eight shillings is not laid to have been, committed cxtorsivcly. Thirdly, that it is not stated in the indictment what was the legal fee.
Per curiam — (Wbiiams absent and the counsel agreeing to submit it to the decision of the Judge in court)— This is an indictment originally found in. the County Court, and brought hither by appeal, h Is therefore entitled to the aid of the act of 1784, ch. SI. sec. 3, which directs that in all criminal prosecutions thereafter to be had by indictment or presentment in the Cou.nry Courts,, it shall be sufficient to all intents and purposes, that the bill shall contain the charge against the criminal, expressed in a plain, simple, intelligible and explicit manner £ and that no bill of indictment shall be quashed, or judgment arrested, for or by reason of any informalities or refinements, where tlierp appears to the County. Court sufficient in the face of the iudictmcnt to induce them to. proceed to judgment. The first fault pointed at, is certainly cured by this act — the meaning though expressed in figures is as well known to the court as if it had been expressed by letters, though perhaps an indictment drawn in this court originally, might iiave been vitiated by stating the day in figures. As to the second exception, had the indictment been originally found in this court, the. omitting to charge it to have been taken extorsively would have been fatal, the precedents all being that way ; but having been drawn in the County Court, we have only to consider whether enough appears upon the face of the indictment, to point decidedly and substantially <u the same circumstances, as is expressed by the word extor-sively. It is stated that he took eight shillings for a rer-tain service by colour of his office, and fot* wicked gain, *470 sake. Now it is known to the judges here, as being part of a public act, that eight shillings is above the legal fee for that service ; it can therefore appear to them in no other light than that of an extorsive taking; and we cannot say under the act referred to, that there is not enough of substance to enable ns to .pronounce the offence charged, to be that of extortion. As to the other exception, it is not necessary to state what is the lawful fee, even in an indictment preferred originally in this court; if no fee was due, the indictment says — whereas no fee whatever was due to the said A. on that account. If not so much is due, the indictment states — whereas no such fee was due to the said A. on that account, or for that service— and this has always, in times of the greatest strictness, been held well. But the attorney for the Defendant pressing to have time to search for authorities, and this being consented to by the Solicitor-General, the case was adjourned.
Note. — Vide 2 Chitty’s Crim. Law 295, where it is said — “where nothing at all was due, that fact ought to be averred, and where any thing was due, the sum which might have been lawfully taken, must be expressed.”