Per curiam,
 

 -Williams and Haywood.
 

 After argument' by
 
 *13
 
 Mfcore for the plau-'iifF, awl ’Wright for the deü-ncLnt, who used the same arguments the court went upon, and took notice o? 5a giving their opinion. The appropriation ot the premisos in question, by an original patent or grant, is actually proven
 
 hv
 
 3 witness v/ho saw it and surveyed the land by it, taking down the name of the grantee aud the date of the grant in writing — -besides that the land is designated by marked and visible boundaries, and has been possessed for sixty years. This at the common law is evidence of a grant; aud under the act of Assembly, gives title against the state, where there is a colour of title with twen«
 
 iy
 
 one years possession. Anderson had a conveyance' from Williams ; and he and those claiming under him, were possess» ed under it for that length of time and more. As to this point, therefore, we have no doubt but that Matthias Strange had title at the time of his death ; his administrators confessed a judgment, sad this bound them either to find personal assets, or pay the money out of their own pockets. But the Court of Equity for Newbern district, upon some equitable circumstances, disclosed in a bill preferred by the administrators, have decreed that no advantage shall be taken of their omission to plead
 
 plena administravit;
 
 the heirs then summoned to put this fact in issue, did so and
 
 aplane administravit,
 
 was found so as now to appear of record, and there is a judgment now remaining in ftdi force against the land ; this judgment warrants a sale of the land to satisfy the plaintiff’s debt, but no such sale ever took place : the sheriff sold to the lessor of the plaintiff by virtue of an execution issued against the administrators; whereas the judgment is against the heirs ; it commanded the sheriff to levy the debt on the lands in the hands of the administrators, whereas the judgment condemns the lands descended to the heirs at law and in their possession — there is no judgment therefore to warrant the execution by which this land was sold ; neither did the execution command a sale of the lands now in dispute, and the rheriff has sold them without any authority.
 

 There was a verdict and judgment for the defendant.
 

 Sailere.
 
 — What judgment the court would have given, had the
 
 jHerí facias
 
 commanded the sheriff to levy the debt of the lands and tenements in the hands of the heirs, and there had not been any judgment produced ? Would the vender have recovered as a purchaser under a
 
 fieri facias
 
 issued to and executed by the proper officer; or must he also have shewn a judgment.
 
 Tha fed fads
 
 justifies the sheriff though the judgment was void, or be vacated afterwards, or be reversed at the time, except in the instance where he sells goods claimed by a third person which are ailed g« ed to have been fraudulently transferred to him by the debtor in illusion of the judgment,; but it will not ju«fjfv the plaintiff, w'-¡ ;■' ould not cause it to issue, if the judgmc-.it be void or va~ eatable for htc-gulavky, or be reversed; neither will any stum*
 
 *14
 
 ger be justified bv the
 
 fieri facias
 
 alone. Salk. 409, 2. Bl. Re. 1104.