I shall state the points and then give the answers on each question submitted to this Court.
1st Question: was it lawful for the defendants to give evidence of possession prior to 1780 and 1782, the commencement of the only title they exhibited?
Answer: The defendants rested their defense upon length of possession, connected with a chain of circumstances, as evidence to presume a grant had once issued. And it was quite immaterial whether the grant issued to that person under whom they immediately claimed, or whether it issued to any person or persons no way connected with them. It is a principle of law, too well settled to be now disputed, that the State (575) has no power to grant lands which have once been granted. Whether the defendants or those under whom they claim, had invaded the right or title of any citizen or citizens is not the inquiry before the Court. Nor will the determination affect the rights of any third persons. All the defendants had to do was to show that the State was barred, on the ground that it had at some former period made a grant of these very lands to some other person. A great length of possession has been held prima facie evidence of a grant, both in England and many of the states, and the court did right in suffering the defendants to prove it as far back as possible. Badle v. Beard, 12 Rep., 5; Cowp. Rep. 102; 3 Term, 158; 7 Term, 492; 11 East, 488; 4 Bur; 1963; 3 East, 298, 302. Archer v.Sadler, 2 Hen. Mun., 370; Hanks v. Tucker, 1 N.C.; Alston v. Saunders, 1 Bay., 26; Phillips, 119, 120.
2d Question: was the possession of a part, in this case, to be considered as the possession of the whole, as the defendants did not claim under nor bring themselves within the act of 1791, entitled "An act for quieting ancient possession"?
Answer: It has ever been considered a well settled principle in this State that possession of a part of a tract of land was, in law, a possession of the whole, if this legal or constructive possession which was beyond a party's fields or enclosures, and within the limits of his title deeds, *Page 415 
should not be resisted by an actual possession. Larkins v. Miller,3 N.C. 345. Although in the present case there are no "known or visible lines or boundaries," still the defendants were at liberty to locate the land and fix its boundaries, by any of those ways which the law permits, in the absence of known lines and boundaries. The declarations of old men who knew the land and are now dead, the deeds of neighboring tracts of land, calling for the Brompton tract, etc., id certum est, quod potestreddi certum.
3d Question: Was the length of possession, as set up and proved, sufficient to warrant the presumption of a grant?
Answer: It appears from the case that some person or other (576) has kept up a continued possession of a part of this land for forty-six years. It also appears that the defendants and those under whom they claim have been in possession about thirty-five years, under color of title. I think the jury were authorized to find, as they did, under his length of possession, connected with the circumstances of a place once having stood on the land, where some one of the old colonial governors formerly resided; Rowan's patent, dated in 1735, and Barker's deed in 1754, calling for this tract; the clerk's office having been burnt as early as 1768 or 1769, at that time containing the records of land titles.
The law does not fix any definite time to govern a jury in their presuming a grant once to have existed. In England the judges of the court of common pleas said they would send a cause down to be tried, and that it should be left to the jury to presume a grant (if they thought proper) from the crown, after twenty years undisturbed possession of a market. 3 East, 302, 303. In Hanks v. Tucker, 3 N.C. 147, the party had been in possession forty years. It is prima facie evidence for a jury; and I cannot think a new trial should be granted because the jury found a verdict against evidence on this point of the case.
4th Question: Was it lawful to introduce or set up any color of title, without having first shown that the premises had been granted, except under the act of 1791?
Answer: The color of title set up by the defendants was only introduced as one among many circumstances for the jury to presume a grant; and with that object in view, it was properly submitted.
It is stated by the Court, 2 N.C. 468-9, that before the act of 1791 "persons whose lands had been actually surveyed and marked, and who had obtained patents which had been lost, and no registration of them to be found, were liable to be turned out of possession, and in some instances had actually lost their lands, by persons who entered claims for them as vacant lands, though there was every reason to suppose, from *Page 416 
(577) the length of possession and from the visible boundaries claimed, that the lands had been once appropriated."
The preamble to the act of 1791 sets forth nearly the same reasons for the interference of the Legislature. If the judges of this State ever decided before 1791, as the above quotations induce us to believe they did, I can only say that, according to the authorities which I have cited on the first point in this case, they decided wrong. I admit that many tracts of land were held in this State under what is vulgarly called "axe entries,"
and no patents were ever obtained. Yet these are facts open to proof, and, when established, would most assuredly ascertain that prima facie or presumptive evidence of a grant which would and in justice should arise in such cases as those mentioned in the authority quoted and in the preamble of the act of 1791. Well might the Legislature think itself bound to do something. It passed an act remedying the most glaring part of the evil — or, I might, perhaps with more propriety, say the blunder — and left the law in statu quo ante as to all the other cases not mentioned. This act was made for the causes I have mentioned. It was not intended to repeal the law of presumptions, but to establish it, at least in one case. It has no repealing clause annexed to it. I am, therefore, of opinion this case is not to be governed by it.
RUFFIN, J., concurred, for the reasons given by SEAWELL, J.
Motion for new trial overruled.
NOTE. — Upon the question of presuming a grant from length of possession, see Dudley v. Strange, 3 N.C. 12; Sullivant v. Alston ibid., 128; Hanks v. Tucker, ibid., 147; Rogers v. Mabe, 15 N.C. 180. As to possession of part being possession of the whole of a tract of land under certain circumstances, see Larkins v. Miller, 3 N.C. 345.
Cited: Graham v. Houston, 15 N.C. 235; Carson v. Burnett, 18 N.C. 553;Harris v. Maxwell, 20 N.C. 384; Candler v. Lunsford, ib., 544;Wallace v. Maxwell, 29 N.C. 137; S. c., 32 N.C. 112; Reed v. Earnhardt,ib., 528; Taylor v. Gooch, 48 N.C. 469; Davis v. McArthur, 78 N.C. 359;Price v. Jackson, 91 N.C. 14; Dills v. Hampton, 92 N.C. 570; Bryan v.Spivey, 109 N.C. 66; Walden v. Ray, 121 N.C. 238. *Page 417 
(578)